**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffery Demand, | No. CV-18-08063-PCT-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

After the Social Security Administration ("Administration") denied Plaintiff Jeffery Demand's application for disability insurance benefits, Demand filed a complaint for judicial review with this Court. (Doc. 1.) The Administration answered (Doc. 8) and Demand filed an opening brief challenging two aspects of the adverse administrative decision (Doc. 10). Before the completion of any further merits briefing, the parties filed a stipulated motion to remand this case for further proceedings (Doc. 13), which the Court granted (Doc. 14.). Later, per stipulation, the Court granted Demand $3,122.13 in attorney's fees under the Equal Access to Justice Act ("EAJA"). (Docs. 16, 17.)

On remand, the Administration ruled in Demand's favor, awarding him $77,554.50 in past-due benefits and future benefits of $1,621.00 per month. (Doc. 18-1.) Demand previously entered into a contingent-fee agreement under which he agreed to pay his attorney 25% of any past-due benefits awarded. (Doc. 2-1.) Accordingly, Demand now moves for an award of $25,266.00 in attorney's fees, representing 25% of Demand's past-

due benefits.[1] (Doc. 18.) The Administration argues, however, that $25,266.00 is unreasonably high and that the Court should award some unspecified lower amount considering this case resolved without substantial litigation or briefing and Demand's counsel spent only 15.55 hours working on it. (Doc. 19.)

Whenever the Court enters a judgment favorable to a disability benefits claimant, the Court can award reasonable attorney's fees in an amount not to exceed 25% of the total past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Thus, when determining whether a contingency fee request is reasonable, the Court must first "respect the primacy of lawful attorney-client fee agreements." *Crawford v. Astrue*, 586 F.3d 1142, 1150 (9th Cir.2009) (en banc) (internal quotations omitted). The Court starts with the contingent-fee agreement and then tests the resulting award for reasonableness, adjusting downward "if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Id.* at 1149-51. When assessing whether the requested fee would result in a windfall, the Court considers whether the benefits were proportionate to the time spent on the case and may, if necessary, use the lodestar calculation as a non-dispositive aid. *Id.* at 1151.

Demand's contingent fee request of $25,266.00 is not greater than 25% of past-due benefits. Although there is no evidence of substandard performance or delay by Demand's counsel, the Court finds the $25,266.00 fee request unreasonable under the circumstances. Demand's counsel devoted 15.55 hours to this case. A $25,266.00 award would represent an effective hourly rate of $1,624.82. Although this rate is within the broad range of effective hourly rates that have been approved as reasonable by courts across various jurisdictions, it lands near the outer limits. Moreover, this effective hourly rate is over five

---

[1] The Administration withheld $25,266.00 of past-due benefits pending adjudication of Demand's fee application. (Doc. 18-1 at 3.)

times greater than counsel's $300.00 non-contingent hourly rate. (Doc. 18 at 12.) A contingent fee justifiably will be higher to account for the risk of an unfavorable decision, but an effective hourly rate of $1,624.82 is too high considering this case resolved through a stipulated remand without full briefing. *See Gisbrecht*, 535 U.S. at 808 (explaining that a downward adjustment may be appropriate where "benefits are large in comparison to the amount of time counsel spent on the case").

The Court instead finds that an award of $18,660.00 is appropriate. This represents an effective hourly rate of $1,200.00, which is four times higher than counsel's typical non-contingent fee rate and still at the higher end of effective hourly rates deemed reasonable by other courts. This figure also adequately accounts for the risk that counsel took, counsel's experience and performance, and the favorable result obtained, while adjusting downward slightly because of the relatively small amount of time counsel spent on the case and the fact that this matter resolved without substantial briefing or litigation. Accordingly,

**IT IS ORDERED** that Demand's motion for attorney's fees under 42 U.S.C. § 406(b) (Doc. 18) is **GRANTED**. Counsel's fees are approved in the amount of **$18,660.00**.

Dated this 3rd day of April, 2020.

Douglas L. Rayes
United States District Judge

- 3 -